IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHINISHA L. ROBINSON, individually
and as parent and legal guardian of JAZMIN
ROBINSON, a minor,

    Plaintiffs,

v.                                               No. 07-2543

THE ROOTO CORPORATION,

    Defendant.

---

ORDER GRANTING THE MOTION OF THE DEFENDANT TO DISMISS THE
PLAINTIFFS' CLAIMS BROUGHT PURSUANT TO THE FEDERAL HAZARDOUS
SUBSTANCES ACT AND THE POISON PREVENTION PACKAGING ACT

---

        The Plaintiffs, Chinisha and Jazmin Robinson ("Robinsons"), brought this action against the Rooto Corporation ("Rooto"), alleging that they were injured by one of the Defendant's products. The Complaint charges that the Rooto Corporation violated Tennessee products liability law, as well as the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261-1278 and the Poison Prevention Packaging Act, 15 U.S.C. §§ 1471-1476. Before the Court is the Defendant's motion to dismiss. (Docket Entry ("D.E.") No. 4.) Rooto argues that neither of the federal statutes under which the Plaintiffs have brought suit provide a private cause of action. The Robinsons have responded and this motion is ripe for disposition. For the following reasons, the Court GRANTS the motion.

BACKGROUND

        The Complaint alleges that on August 21, 2006, Chinisha Robinson borrowed a bottle of "Household Drain Opener" manufactured by the Defendant from a relative, who had purchased it from a retail store. (D.E. No. 1, Compl. ¶¶ 14, 16.) That same day, Chinisha poured two teaspoons

of the substance contained in the bottle into the drain of her bathroom sink. (Id. ¶ 17.) Her daughter Jazmin was in the room. (Id. ¶ 18.) Seconds after placing the product into the sink, "the drain detonated, and its contents disgorged into the face and eyes of Chinisha Robinson and Jazmin Robinson, seriously injuring them." (Id. ¶ 20.) Their injuries required the Plaintiffs to be hospitalized and both were rendered legally blind, despite undergoing surgery. (Id. ¶¶ 22-23.) As a result, the Robinsons filed the instant suit against Rooto, seeking compensatory damages.

## ANALYSIS

The Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. §§ 1261-1278, was enacted in 1960 as a labeling law applicable to products packaged for household use. Riegel Textile Corp. v. Celanese Corp., 649 F.2d 894, 898 (2d Cir. 1981). The FHSA prohibits the introduction of a misbranded hazardous substance into interstate commerce. 15 U.S.C. § 1263(a). A misbranded hazardous substance is defined as a hazardous substance intended or packaged for household use, or use by children, that fails to bear a label adequately warning of its dangers. See id. § 1261(p). When Congress enacted the Consumer Product Safety Act ("CPSA") in 1972, administration of the FHSA was transferred to the Consumer Product Safety Commission ("CPSC"). Riegel, 649 F.2d at 898.

In 1970, the Poison Prevention Packaging Act ("PPPA"), 15 U.S.C. §§ 1471-1476, was passed by Congress to regulate the packaging of household substances for the protection of children. Specifically, the PPPA provides that the CPSA may establish standards for the packaging of those products if necessary to protect children from "serious personal injury or serious illness resulting from handling, using, or ingesting such substance[s]." Id. § 1472(a)(1).

2

The Robinsons contend that the packaging or labeling of the Household Drain Opener manufactured by the Defendant did not comply with the FHSA, because there were either no warnings regarding its safety or those warnings were illegible. (Id. ¶ 26.) The Plaintiffs also allege the deficient packaging or labeling of the product did not conform with the requirements of the PPPA. (Id. ¶ 28.)

The question of whether the FHSA and the PPPA provide private causes of action is an issue of first impression in the Sixth Circuit. Courts in several other circuits have weighed in on this question, however. The first federal court of appeals to do so was the Second Circuit, which held that there was no private right of action under § 1263 of the FHSA. Riegel, 649 F.2d at 903. In reaching this conclusion, the court applied the four-factor test outlined by the United States Supreme Court in Cort v. Ash, 422 U.S. 66, 78 (1975). Riegel, 649 F.2d at 897. These factors are noted as

> (1) whether plaintiffs are among the class of persons intended to benefit from the enactment of the statute; (2) whether there is any evidence of legislative intent to provide or deny a private remedy; (3) whether a private remedy would be consistent with the underlying purposes of the legislative scheme; and (4) whether the action is one traditionally delegated to state law so it would be inappropriate to imply a federal remedy.

Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 308 (6th Cir. 2000) (citing Cort, 422 U.S. at 78.) However, "the Supreme Court has [since] refined this inquiry and the focal point is whether Congress, expressly or by implication, intended to create a private cause of action." Id. (citations omitted).

The Riegel court found that the legislative history of the FHSA and the CPSA offered little illumination on whether Congress intended to create a private right of action under § 1263. 649 F.2d at 900. The court did determine, however, that the underlying purpose of these Acts was

3

> to achieve nationwide uniformity in the regulation of certain hazardous products. To this end, the emphasis of the FHSA and the CPSA was preventive, not remedial. The Acts focus on the prevention of injury, and not the recompense of injury after it has occurred. To fulfill this purpose, Congress created the CPSC as an independent regulatory agency, giving it primary responsibility for enforcement of the statutes, and provided limited private remedies for situations in which the CPSC fails to act upon or denies a petition, or when a rule or order of the CPSC is violated.

Id. at 901. The court concluded that "[t]he FHSA, as originally enacted, focused on the labeling of certain products, with enforcement solely through agency action . . . . In expanding the FHSA to allow for a direct ban on certain products where a cautionary label would not suffice to protect consumers, the legislative history does not indicate a change in the Congressional intent that enforcement be by the agency." Id. After analyzing the other factors set forth in Cort, the Second Circuit rejected the plaintiff's argument that § 1263 created a private cause of action. Id. at 903. The Fifth Circuit has since also held that "[t]he FHSA does not create a private cause of action. Rather, the FHSA vests the CPSC with the authority to enforce federal labeling requirements." IQ Prods. Co. v. Pennzoil Prods. Co., 305 F.3d 368, 374 (5th Cir. 2002).

Several district courts have adopted the Second and Fifth Circuit holding that the FHSA does not provide for a private cause of action in its provisions. See e.g., Greenawalt v. Philip Rosenau Co., 471 F. Supp. 2d 531, 534 (E.D. Pa. 2007) ("I adopt the view of those courts that the FHSA has no private right of action . . . ."); Gibson v. Wal-Mart Stores, Inc., 189 F. Supp. 2d 443, 449 (W.D. Va. 2002) ("The FHSA provides for no private right of action . . . . State tort law provides adequate redress of violations without the creation of an additional federal statutory cause of action."); Penn. Gen. Ins. Co. v. Landis, 96 F. Supp. 2d 408, 414 (D.N.J. 2000) ("Persuaded by these precedents outside the Third Circuit, I find that the FHSA does not contain a private cause of action."); Isgett v. Wal-Mart Stores, Inc., 976 F. Supp. 422, 429 (S.D. Miss.

4

1997) ("In sum, except for the first Cort inquiry, all of the other Cort factors preponderate against plaintiffs' theory that the FHSA provides a private cause of action. As such, defendant is entitled to a summary judgment on this ground alone.") (citation omitted); but see Cross v. Bd. of Supervisors, 326 F. Supp. 634 (N.D. Cal. 1968) (holding, seven years before the Supreme Court decided Cort, that "[c]ivil [r]ecovery under the FHSA may be applied under appropriate circumstances . . . .").

A few courts have also applied the reasoning of Riegel to the PPPA, holding that it, likewise, does not provide a private cause of action. Gibson, 189 F. Supp. 2d at 449 ("The FHSA provides for no private right of action, and, by extension, neither does the PPPA."); Christenson v. St. Mary's Hosp., 835 F. Supp. 498, 501 (D. Minn. 1993) (holding that no cause of action could be implied under either the FHSA or the PPPA when a child accidentally ingested a hospital cleaning product and her guardian brought suit against the hospital and the manufacturer of the cleaning product); Doane v. Metal Bluing Prods., Inc., 568 F. Supp. 744, 746 (N.D.N.Y. 1983) (applying Riegel to find that neither the FHSA, nor the PPPA, provide a private right of action).

The Plaintiffs attempt to distinguish Riegel on the basis that they are members of a class for whose benefit the PPPA and FHSA were enacted, namely consumers of potentially hazardous household products, thus satisfying the first Cort element. (D.E. No. 9 at 2.) The Riegel opinion had determined that the plaintiff in its case, a garment manufacturer and processor, was not a member of such a class. 649 F.2d at 900. This argument by the Plaintiff ignores, however, that the Supreme Court has essentially discarded all but the second Cort factor, which simply asks whether there is any evidence of legislative intent to provide or deny a

private remedy.  See Parry, 236 F.3d at 308.  The Robinsons do not argue that Congress intended to create a private remedy, only that it would not be inconsistent with the legislative scheme to do so and that the text of the statutes contain no explicit prohibition against the creation of such a right.  (D.E. No. 9 at 2.)  However, as the Doane decision points out, the Second Circuit "conducted a full inquiry under Cort v. Ash, supra, and determined that there is no private right of action implicit in 15 U.S.C. § 1263; it did not limit the applicability of its holding to the plaintiff before it."  568 F. Supp. at 746.  Because the weight of the authority considering this issue, which the Court finds persuasive, supports the conclusion that neither the FHSA, nor the PPPA, provide a private cause of action, the Court dismisses the claims of the Plaintiffs based on violations of these two statutes.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion of the Defendant to dismiss the Plaintiffs' claims under the FHSA and PPPA.

**IT IS SO ORDERED** this 6th day of May, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE